UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HARRY J. IMHOFF, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 1:06-CV-00127 (JCH) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Harry J. Imhoff's pro se Petition to Vacate or to Correct an[] Illegal Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed August 30, 2006. The matter is fully briefed and ready for a decision.

**BACKGROUND**

Movant was charged by indictment with one count of Attempt to Manufacture Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of Possession of Pseudoephedrine Knowing that it Would be used to Manufacture Methamphetamine, in violation of 21 U.S.C. § 841(c)(2); and one count of Manufacturing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (1:04-CR-152 (JCH), Indictment, Doc. No. 1). On November 15, 2004, Movant entered a plea of guilty to all three counts. (Id. at Doc. No. 25). On November 14, 2005, the Court sentenced him to a 235 month term of imprisonment followed by six years of supervised release. (Id. at Doc. No. 32). Movant did not appeal.

Movant filed his § 2255 Motion on August 30, 2006 (Doc. No. 1) and supplemented it on September 21, 2006 (Doc. No. 3). In his § 2255 Motion, Movant raises the following grounds:[1]

1. He received ineffective assistance of counsel when his attorney advised him to enter into a plea agreement with the United States ("Government");

2. He received ineffective assistance of counsel when his attorney failed to challenge the amount of methamphetamine listed in his Presentence Investigation Report ("PSR");

3. He received ineffective assistance of counsel when his attorney failed to assert that his sentence was improperly enhanced by his prior convictions;

4. His sentence is illegal because the Government had no authority to prosecute him for a "state offense;"

5. His sentence is illegal because the Court lacked jurisdiction over him;

6. His sentence is illegal because it violated his Sixth Amendment right to have a jury determine the facts of his case;

7. His sentence is illegal because the Government failed to give him an information stating its intention to seek a sentence enhancement;

8. He received ineffective assistance of counsel when his attorney failed to inform him of his right to appeal; and

9. He was prejudiced by the Court's failure to advise him of his right to appeal.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

---

[1] The Court reorganized Movant's claims for the sake of clarity.

28 U.S.C. § 2255.

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043. Self-serving and conclusory statements "will not suffice to command a hearing." Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995). Stated another way, Movant must present some credible, non-conclusory evidence that he would not have pled guilty if he had been properly advised by his counsel. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

Finally, Movant's claims must be evaluated in light of the fact that he entered a guilty plea. Although a guilty plea in open court is not impervious to collateral attack, the rule is that "a defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Pennington v. United States, 374 F. Supp. 2d 813, 815 (E.D. Mo. 2005). Thus, Movant has a heavy burden to overcome his admissions at the plea hearing and show that his plea was involuntary. Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

## DISCUSSION

### Claim One

In Claim One, Movant contends that his plea was not knowingly and voluntarily made due to ineffective assistance of counsel. (§ 2255 Pet., Doc. No. 1). He alleges that his counsel told him to lie to the Court, did not explain the plea agreement, and gave him bad advice. (Resp., Doc. No. 3).The Government contends that the plea agreement bars Movant from making this claim because it states that he may only bring a § 2255 motion on the basis of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.[2] (1:04-CR-152 (JCH), Plea Agreement, Doc. No. 24 pg. 3-4.).

To be bound by the provisions of a plea agreement, the decision to enter the agreement must have been knowingly and voluntarily made. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). A plea agreement is not voluntarily made if the defendant receives ineffective assistance of counsel. Id. at 924 (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)).

To prove ineffective assistance of counsel, Movant must satisfy the two-pronged test enunciated by Strickland v. Washington, 466 U.S. 668 (1984). He must demonstrate that his "counsel's representation was deficient and that the deficient performance prejudiced [his] case." DeRoo, 223 F.3d at 925 (quoting Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988)).

In order to show that counsel's performance was deficient, "the [petitioner] must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. In making this inquiry, the Supreme Court has stated that "[j]udicial scrutiny of counsel's performance must be highly deferential," and the courts "must indulge a strong presumption that

---

[2] The Government's waiver argument is without merit regarding this claim. Movant's right to claim ineffective assistance of counsel at the time of the plea "cannot be barred by the [plea] agreement itself--the very product of alleged ineffectiveness." DeRoo, 223 F.3d at 924 (quoting Jones v. United States, 167 F.3d 1142, 114 5 (7th Cir. 1999)). As a practical matter, the waivers contained in the plea agreement are largely inconsequential for purposes of this motion because Movant has raised claims that fall outside of the scope of the plea agreement's waiver of rights.

counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, Movant stated at his plea hearing that he was satisfied with his counsel. (Resp., Doc. No. 3 Ex. 2 pg. 6). Furthermore, Movant stated that he read and understood the plea agreement. (Id. at pg. 7-8). Movant agreed that the Government's witnesses would testify that he had thirty to forty grams of methamphetamine. (Id. at pg. 7, 9). He told the Court that no one forced him to plead guilty. (Id. at pg. 10). As such, nothing in the record shows that Movant pled guilty due to ineffective assistance of counsel. Claim One is denied.

**Claim Two**

In Claim Two, Movant alleges that his counsel was ineffective during sentencing because he did not challenge the amount of methamphetamine listed in the PSR. (Doc. No. 1 pg. 5-6). Movant alleges that the actual amount of methamphetamine involved in this case was much smaller than the thirty to forty grams described in the PSR. (Id.). Movant believes that this improper amount caused him to receive a higher offense level. (Id. at pg. 4).

As noted above, in order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-pronged Strickland test by showing that "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." DeRoo, 223 F.3d at 925.

Upon consideration, Movant cannot show that he was prejudiced by any failure to challenge the amount of methamphetamine listed in his PSR because that quantity had no effect on his offense level. Rather, his status as a career offender under the U.S. Sentencing Guidelines Manual

("U.S.S.G.") § 4B1.1(a) (2004) controlled the length of his sentence. (1:04-cr-152 (JCH), PSR, Doc. No. 33 pg. 5). As a career offender, his offense level was thirty-four. See U.S.S.G. § 4B1.1(b)(B). This offense level was significantly higher than the offense level of twenty-four required by the amount of methamphetamine listed in the PSR. (1:04-cr-152 (JCH), PSR, Doc. No. 33 pg. 4-5) As such, he cannot show that he was prejudiced by any failure to contest that amount. Claim Two is denied.

**Claim Three**

Movant claims that he received ineffective assistance of counsel when his attorney failed to object to his status as a career offender by challenging whether his prior convictions qualified as "crimes of violence" or "controlled substance offenses" under U.S.S.G. § 4B1.1. (Doc. No. 1 pg. 4-5.). Specifically, Movant alleges that his counsel should have objected to the characterization of his prior convictions for drug possession and failure to return rental property. (Id.).

As noted above, in order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-pronged Strickland test by showing that "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." DeRoo, 223 F.3d at 925.

To qualify as a career offender under U.S.S.G., a defendant must have two prior convictions for either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1. Burglary is considered a crime of violence under § 4B1.1(b). United States. v. Hinkle, 456 F.3d 836, 841 (8th Cir. 2006). Movant had two prior convictions for burglary. (1:04-cr-152 (JCH), PSR, Doc. No. 33 ¶ 67, 87). Movant does not contest that he received these convictions. Thus, any objection would have been meritless. Counsel is not deficient when he fails to make a meritless objection. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992). Claim Three fails.

**Claim Four**

Movant claims that he was improperly prosecuted in federal court for a state law offense. (Doc. No. 1 pg. 7-9). Movant was charged with violating a federal statute that proscribes the manufacturing of certain drugs and chemicals. See 21 U.S.C. § 841. Congress may enact laws proscribing the intrastate manufacture of drugs under the Commerce Clause. See United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998). Thus, Claim Four fails.

**Claim Five**

In this claim, Movant contends that the Court lacked subject matter jurisdiction over him. The Court has jurisdiction over defendants charged with violating the laws of the United States. United States v. Foster, 443 F.3d 978, 981 (8th Cir. 2005) (citing 18 U.S.C. § 3231). 21 U.S.C. § 841 is a law of the United States. Thus, Claim Five is meritless.

**Claim Six**

Movant claims that the Court violated his Sixth Amendment right to a jury by engaging in improper judicial factfinding. He contends that the Court improperly determined, based on his PSR, that the amount of methamphetamine was thirty to forty grams, that he attempted to impede a police investigation, that he was a career offender, and that he had several prior convictions which were not alleged in the indictment.[3] (Supp. Pet., Doc. No. 3 pg. 1.) He claims these facts improperly enhanced his sentence from sixteen months to 235 months. (Id.)

The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Gamboa, 439 F.3d 796, 814 (8th Cir. 2006).

---

[3]This allegation is meritless because the Government does not have to allege prior convictions in an indictment. United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (citing Almendarez-Torres v. United States, 523 U.S. 224 (1989)).

As previously stated, the Court found that Movant qualified as a career offender under U.S.S.G. § 4B1.1 due to his prior convictions, and his career offender status determined the length of his sentence. (1:04-CR-152 (JCH), PSR, Doc. No. 33 ¶ 30). Thus, no factfinding by a jury was necessary to impose this sentence for two reasons. First, Movant's sentence was within the statutory maximum. See 21 U.S.C. § 841. Second, even assuming the sentence was outside of the statutory maximum, the Court relied on his prior convictions to calculate his sentence. Claim Six is denied.

**Claim Seven**

Movant claims the Government did not serve him properly with an information stating that it intended to seek an enhanced sentence due to his prior convictions. (Doc. No. 1 ¶ 7.). The filing of such an information is mandated by statute, which is satisfied when "before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851. The record shows that the Court and Movant's counsel received a copy of the information on November 12, 2004. (1:04-CR-152 (JCH), Information, Doc. No. 22). Imhoff entered his guilty plea three days later, on November 15, 2004. (1:04-CR-152 (JCH), Plea Hearing Minutes, Doc. No. 23). Thus, Claim Seven fails.

**Claims Eight and Nine**

In Claim Eight, Movant claims that he received ineffective assistance of counsel when his counsel failed to inform him of his right to appeal. In Claim Nine, Movant alleges that he was prejudiced when the Court failed to inform him of his right to appeal.

As noted above, in order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-pronged Strickland test by showing that "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." DeRoo, 223 F.3d at 925.

Upon consideration, these claims fails because Movant cannot show prejudice. Movant told the Court during the plea hearing that he understood that he had waived his "right to appeal all non-jurisdictional issue," except for the right to appeal an upward or downward departure from the sentencing guidelines. (Resp., Doc. No. 4 Ex. 2 pg. 13). As such, Petitioner cannot show that he was unaware of his appellate rights. Thus, these claims fail.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Petition to Vacate or to Correct and Illegal Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 16th day of July, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE